PENACHIO MALARA LLP
Counsel for the Debtor and Plaintiff
245 Main Street – Ste 450
White Plains, NY 10601
(914) 946-2889

BY: Anne Penachio

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
________________________________________________X

In re: Chapter 13
Case No. 24-22148-cgm

JOANNA VERRINO,

Debtor.
----------------------------------------------------------------------X

JOANNA VERRINO,
Plaintiff,

-against- Adversary Proceeding No.:

HDR CONTRACTING INC.,

Defendant.
----------------------------------------------------------------------X

**COMPLAINT**

Plaintiff, JOANNA VERRINO, the debtor herein (the "Debtor" or the "Plaintiff"), by her attorney PENACHIO MALARA, complaining of the defendant, HDR CONTRACTING INC., hereby sets forth as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code, 28 U.S.C. § 1, *et seq*.

2. Venue is proper in this Court pursuant to 28 § U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. Relief is sought herein pursuant to Title 11 of the United States Code, 11 U.S.C. §§ 101, and 506(a) et seq. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001(2) and (9) and NY Mechanic's Lien Law.

**THE PARTIES**

5. Plaintiff is the Debtor. She resides at 37 Captain Honeywells Road, Ardsley, NY 10502 (the "Home").

6. Defendant HDR Contracting Inc. ("HDR") is a construction company in Yonkers, New York with a principal office at 59 Huber Place, Yonkers, NY 10704.

**PERTINENT FACTS**

7. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on or about February 26, 2024.

8. Thomas Frost serves as the Chapter 13 trustee (the "Trustee").

9. The Debtor owns the Home individually.

10. The Debtor was the victim of a fraudulent scheme perpetrated by her late daughter, Allison Verrino ("Allison"). Among other things, Allison obtained advances from PHH Mortgage secured by the Home. Allison also used the Debtor's personal information to obtain credit card debt in the Debtor's name without her knowledge or consent. The Debtor only discovered the fraud after Allison's sudden and tragic death on December 30, 2024.

11. The Debtor has entered into a Contract of Sale to sell the Home. An application for

approval of same is pending. In connection with the closing of the sale of the Home, counsel conducted a search on title for judgments and liens. The search indicates that HDR holds a Mechanic's Lien on the Home. A copy of the of the lien is annexed hereto as Exhibit A.

12. The Mechanics Lien was filed with the Clerk of Westchester County on January 5, 2024. The Debtor did not hire HDR or enter into a contract with HDR to do any work on the Home.

13. The Mechanic's Lien is purportedly based upon a proposal dated September 23, 2023 that was allegedly signed by Allison and her husband, John Wiesse. A copy of the proposal is annexed hereto as Exhibit B. Upon information and belief, Allison and John Wiesse, held themselves out as "homeowners" although they were not.

14. The Debtor was not privy to the proposal and unaware of same.

15. Even a cursory review of the public records would have revealed that the Debtor was the sole owner of the Home.

16. Upon information and belief, HDR forwarded an invoice dated January 3, 2024 to Allison, who was deceased, and Mr. Weisse. A copy of the Invoice is annexed hereto as Exhibit C.

17. In the Mechanic's Lien, HDR claims that $374,500.00 is due and owing. See Exhibit A.

18. The Debtor did not benefit in any way from the services allegedly provided. In fact, HDC did not at all improve the Home but left it in disrepair.

19. HDR did not file a claim or otherwise appear in the Debtor's case.

**FIRST CLAIM FOR RELIEF**
(A Declaration that the Mechanic's Lien is Null
and Void and that HDR does not hold a Lien on the Home)

20. The Debtor repeats and reiterates the assertions set forth in paragraphs 1-19 hereof.

21. The Debtor owes no obligation to HDR.

22. The Debtor did not sign a contract with HDR.

23. The Debtor did not benefit from HDR's services.

24. HDR did not improve the Home.

25. The Debtor is entitled to a declaration that the Mechanic's Lien filed by HDR is null and void and that HDR holds no interest in the Home pursuant to 11 U.S.C. §§ 506(a) and (d).

**SECOND CLAIM FOR RELIEF**

(The Mechanic's Lien should be set aside as a preferential transfer under 11 U.S.C. § 547)

26. The Debtor repeats and reiterates the assertions set forth in paragraphs 1-25 hereof.

27. In the event that the Mechanics Lien is valid, it should be set aside and avoided under 11 U.S.C. §547 as a preferential transfer.

28. The Mechanic's Lien was a transfer made to or for the benefit of HDR

29. The Mechanic's Lien was for or on account of an antecedent debt allegedly owed by the Debtor before such transfer was made.

30. The Mechanic's Lien was filed while the Debtor was insolvent.

31. The Mechanic's Lien was filed on or within 90 days before the date of the filing of the Debtor's Chapter 13 petition.

32. The Mechanic's Lien enabled HDR to receive more than it would receive if—

(A) the Debtor's case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions

of the Bankruptcy Code.

33. The Debtor is entitled to a declaration setting aside the Mechanic's Lien as a preferential transfer under Section 547 of the Bankruptcy Code that such lien is null and void.

**THIRD CLAIM FOR RELIEF**

**(**A Declaration that that the Mechanic's Lien is null and void and that HDR does not hold a secured interest in the Home under Art. 2, Section 39 of NY Lien Law)

34. The Debtor repeats and reiterates the assertions set forth in paragraphs 1-33 hereof.

35. HDR willfully exaggerated the amount due in the Mechanic's Lien. It claims that $374,500.00 is due. However, that amount represents entire amounts allegedly due under the September 23, 2023 proposal (Exhibit B) including supplies.

36. The amount set forth on the Mechanic's Lien is grossly inflated.

37. HDR, which filed the Mechanic's Lien only 5 days after Allison's death while her family was grieving, intentionally exaggerated the amount due to shock and intimidate the Debtor who was in mourning at the time.

38. HDR willfully exaggerated the amount due to pressure and intimidate the Debtor, an elderly widow.

39. Moreover, the invoice (Exhibit C) dated January 3, 2024 reflects that only $25,500.00 was due on January 3, 2024.

40. Manifestly, $374,500.00 could not possibly be due.

41. Art. 2 Section 39 of NY Lien Law states as follows:

In any action or proceeding to enforce a mechanic's lien upon a private or public improvement or in which the validity of the lien is an issue, if the court shall find that a lienor has

willfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon. No such lienor shall have a right to file any other or further lien for the same claim. A second or subsequent lien filed in contravention of this section may be vacated upon application to the court on two days' notice.

42. Pursuant to Art. 2 Section 39 of NY Lien Law, the Mechanics Lien Law, the Mechanic's Lien should be declared null and void as willfully exaggerated.

## FOURTH CLAIM FOR RELIEF

(A Declaration that Mechanics Lien is Invalid because the Home was not Improved)

43. The Debtor repeats and reiterates the assertions set forth in paragraphs 1-42 hereof.

44. HDR did not improve the Home.

45. HDR stopped all work when Allison died in January 2024. The Home was left in disrepair.

46. Based upon the foregoing, the Mechanic's Lien should be declared null and void.

## COUNTER-CLAIM

(Damages for Willful Exaggeration of a Lien under
Art. 2 of NY Mechanics Lien Law §39-a)

47. The Debtor repeats and reiterates the assertions set forth in paragraphs 1-46 hereof.

48. The Debtor is entitled to damages under Art. 2 of NY Mechanics Lien Law § 39-a which states as follows:

. . . where lien has been declared void on account of willful exaggeration. Where in any action or proceeding to enforce a mechanic's lien upon a private or public improvement the court shall have declared said lien to be void on account of willful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. The damages which said owner or contractor shall be entitled to recover, shall include the amount of any

premium for a bond given to obtain the discharge of the lien or the interest on any money deposited for the purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.

49. Here, HDR willfully exaggerated the Mechanic's Lien by $374,500.00.

50. The Debtor has or will expend approximately $10,000.00 in legal fees to remove the Mechanic's Lien.

51. Based upon the foregoing, under Art. 2 of NY Mechanics Lien Law § 39-a, the Debtor is entitled to a judgment against HDR in the amount of no less than $384,500.00.

**WHEREFORE**, the Debtor respectfully requests this Court grant the relief requested herein. and for such other and further relief as the Court may deem just and proper.

Dated: White Plains, NY
August 6, 2024

PENACHIO MALARA, LLP

By: /s/ Anne Penachio
Anne Penachio, Esq.
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, NY 10601
Telephone: (914) 946-2889