PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street – Suite 450
White Plains, NY 10601
(914) 946-2889

BY: Anne Penachio

**HEARING DATE & TIME:
FEBRUARY 12, 2025 at 9:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

CHAPTER 13

JOANNA VERRINO,

CASE NO.: 24-22148 (cgm)

Debtor.
-------------------------------------------------------X

JOANNA VERRINO,

Plaintiff

ADVERSARY PROCEEDING
NO.: 24-07025-cgm

-against-

HDR CONTRACTING INC.,

Defendant

-------------------------------------------------------X

**NOTICE OF HEARING ON THE APPLICATION OF DEBTOR FOR (I) ENTRY OF AN ORDER AWARDING DAMAGES FROM THE DEFENDANT HDR CONTRACTING INC.; (II) ENTRY OF A JUDGMENT AGAINST HDR CONTRACTING INC. AND IN FAVOR OF THE PLAINTIFF AND; (III) GRANTING SUCH OTHER RELIEF AS MAY BE JUST AND PROPER**

**PLEASE TAKE NOTICE** that a hearing on the application of **JOANNA VERRINO**, the above-captioned debtor herein by and through her counsel, **PENACHIO MALARA LLP,** as and for her application for (i) an order fixing damages against **HDR CONTRACTING INC.** ("HDR") in the amount of $11,266.71 consisting of $10,395.00 in legal fees and $871.71 in expenses (ii) entry of a judgment against HDR; and (iii) granting such other and further relief as may be just and proper will be held on February 12, 2025 at 9:00 AM before the Honorable

Cecelia G. Morris in her Courtroom at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, NY 12601.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be conducted virtually through Zoom for Government. Please refer to the Bankruptcy Court website www.nysb.uscourts.gov and/or contact the undersigned for guidance. In order to appear remotely, you may be required to register at least 48 hours in advance of the hearing.

**PLEASE TAKE FURTHER NOTICE** that the hearing time may be changed. Please refer to Judge Morris' calendar at the Bankruptcy Court website at https://www.nysb.uscourts.gov/calendars/cgm.html on the day prior to the hearing for updated information concerning the time. Please contact the undersigned if you have any questions.

**PLEASE TAKE FURTHER NOTICE**, that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the application must comply with applicable law and be served upon the undersigned with a copy to the Bankruptcy Judge's Chambers 7 days prior to the hearing. Unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, NY
December 31, 2024

**PENACHIO MALARA LLP**

By: /s/ Anne Penachio
Anne Penachio
Counsel for Debtor
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889

PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street – Suite 450
White Plains, NY 10601
(914) 946-2889

BY: Anne Penachio

**HEARING DATE & TIME:**
**FEBRUARY 12, 2025 at 9:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re: CHAPTER 13

JOANNA VERRINO, CASE NO.: 24-22148 (cgm)

Debtor.
-------------------------------------------------------X

JOANNA VERRINO,

Plaintiff

ADVERSARY PROCEEDING NO.: 24-07025-cgm

-against-

HDR CONTRACTING INC.,

Defendant

-------------------------------------------------------X

**THE APPLICATION OF DEBTOR FOR (I) ENTRY OF AN ORDER AWARDING DAMAGES FROM THE DEFENDANT HDR CONTRACTING INC.; (II) ENTRY OF A JUDGMENT AGAINST HDR CONTRACTING INC. AND IN FAVOR OF THE PLAINTIFF AND; (III) GRANTING SUCH OTHER RELIEF AS MAY BE JUST AND PROPER**

**TO: THE HONORABLE CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

**JOANNA VERRINO**, the above-captioned debtor herein (the "Debtor") by and through her counsel, **PENACHIO MALARA LLP,** as and for her application for (i) an order fixing damages against **HDR CONTRACTING INC.,** (“HDR”), (ii) entry of a judgment against HDR; and (iii) granting such other and further relief as may be just and proper

respectfully sets forth as follows:

## BACKGROUND

1. The Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on February 26, 2024 and the case was referred to the Bankruptcy Judge herein.

2. Thomas Frost serves as the Chapter 13 trustee (the "Trustee").

3. The Debtor is a widow. Her primary asset is her home at 37 Captain Honeywells Road, Ardsley, New York (the “Home”).

4. The Plaintiff was the victim of a fraudulent scheme perpetrated by her late daughter, Allison Verrino (“Allison”) who, among other things, fraudulently arranged for advances from PHH Mortgage secured by the Home.

5. Unbeknownst to the Debtor, Allison also procured HDR as a contractor to renovate the Home. Upon information and belief, Allison paid HDR with funds that belonged to the Debtor.

6. HDR did not perform services on the Home. Rather, it left the Home in disrepair.

7. HDR filed Mechanic’s Lien filed by HDR (the “Mechanics Lien”) in the amount of $342,000.00. A copy of the Mechanic’s Lien is annexed hereto as Exhibit A.

8. The Mechanic’s Lien is grossly inflated. The Debtor did not owe HDR any sums let alone $342,000.00. Moreover, HDR did not provide goods and/or services in the amount sought.

## THE ADVERSARY PROCEEDING AGAINST HDR

9. The Plaintiff commenced the Adversary Proceeding seeking relief under 11

U.S.C. §§ 506 (a) and (d); 11 U.S.C. § 547; and Art. 2, Section 39 of NY Lien Law.

10. The Complaint contains four causes of action.

11. In the First Cause of Action, the Plaintiff sought a determination that the Mechanic's Lien filed by HDR is null and void under 11 U.S.C. 506(a) and (d).

12. In the Second Cause of Action, the Plaintiff asserted that the Mechanic's Lien should be set aside as a preferential transfer.

13. In her Third Cause of Action, the Plaintiff seeks that the Mechanic's Lien be avoided, based upon HDR's willful exaggeration of the lien under Art. 2 Section 39 of NY Lien Law.

14. In the Fourth Cause of Action, the Plaintiff seeks to invalidate the Mechanic's Lien because HDR did not improve the Home.

**Plaintiff's Claim for Damages**

15. In addition to seeking to avoid the Mechanic's Lien, the Plaintiff seeks affirmative relief in the form of monetary damages from HDR based upon its willful exaggeration of the Mechanic's Lien.

16. The Debtor is entitled to damages under Art. 2 of NY Mechanics Lien Law § 39-a which states as follows:

> Where in any action or proceeding to enforce a mechanic's lien upon a private or public improvement the court shall have declared said lien to be void on account of willful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien or the interest on any money deposited for the purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.

Art. 2 of NY Mechanics Lien Law § 39-a

## THE DEFAULT JUDGMENT

17. The Court entered a default judgment against HDR. A copy of the Default Judgment is annexed hereto as Exhibit B. Pursuant to the Default Judgment, the Mechanic's Lien was declared null and void.

18. The Court also expunged the Mechanics Lien as impairing the Debtor's Homestead exemption. A copy of the order is annexed hereto as Exhibit C.

19. Plaintiff was required to expend $10,395.00 in legal fee time charges to remove the Mechanic's Lien and $871.71 in expenses. Time records and a schedule of expenses are annexed here to as Exhibit D.

20. Plaintiff is entitled to damages under Art. 2 of NY Mechanics Lien Law § 39-a which states as follows:

> Where in any action or proceeding to enforce a mechanic's lien upon a private or public improvement the court shall have declared said lien to be void on account of willful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien or the interest on any money deposited for the purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.

21. Here, Plaintiff is seeking out of pocket damages of $11,266.71 consisting of her legal fees and expenses.

## NOTICE AND WAIVER OF MEMO OF LAW

22. The Plaintiff submits that notice by First Class mail to (a) the Chapter 13 Trustee; (b) HDR; (c) HDR's counsel, if any; and (d) HDR's officers is good and

sufficient notice. All interested parties will also be served.

23. Because the foregoing application does not implicate any novel issues of fact or law, the Plaintiff respectfully requests that any requirement of the filing of a memorandum of law be waived.

24. No previous application for the relief sought herein was made to this or any other Court.

**WHEREFORE,** the Plaintiff respectfully requests that this Court grant the relief requested herein and award the undersigned the amount of $11,266.71 consisting of $10,395.00 in fees and $871.71 in expenses with such other and further relief as is just and proper.

Dated: White Plains, New York
December 31, 2024

PENACHIO MALARA LLP

/s/ Anne Penachio
By: ___________________________________
Anne Penachio
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889